IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-49,949-02




EX PARTE LARRY WAYNE METCALF, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. ND 6080 IN THE 1A JUDICIAL DISTRICT COURT
FROM NEWTON COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, was convicted of
escape and sentenced to five years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his plea was involuntary and his trial counsel rendered ineffective
assistance of counsel. He alleges that he was informed that he would receive jail time credit for time
spent in jail pursuant to a different cause. That jail time credit was prior to the offense date in this
conviction and therefore could not be properly credited to his sentence. Tex. Code Crim. Proc. art.
42.03 §2(a). He alleges that counsel erroneously informed him that the time would be credited. He
also alleges that he would not have pleaded guilty had he known he would not receive this credit.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant’s trial counsel regarding Applicant’s claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings as to whether Applicant specifically negotiated to obtain
the jail time credit, from September 21, 2007 to December 21, 2007, which was served pursuant to
a different cause. The trial court shall make findings as to whether trial counsel informed Applicant
that he would receive that credit and whether the there is a reasonable probability that, but for
counsel’s advice, he would not have pleaded guilty and would have insisted on going to trial. Ex
parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). The trial court shall make findings of fact
as to whether the performance of Applicant’s trial attorney was deficient and, if so, whether
counsel’s deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 6, 2010
Do not publish